**EVERGREEN NEW HOPE HEALTH & REHABILITATION CENTER;, Petitioner,**

**Health Care Workers Union, Local 250, Service Employees International Union, AFL–CIO, Intervenor,**

**v.**

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**National Labor Relations Board;, Petitioner,**

**Health Care Workers Union, Local 250, Service Employees International Union, AFL–CIO, Intervenor,**

**v.**

**Evergreen New Hope Health & Rehabilitation Center, Respondent.**

Nos. 02–71544, 02–71748.
NLRB No. 32–CA–19189–1.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 2003.

Decided May 27, 2003.

Before CANBY, KLEINFELD, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Evergreen New Hope Health & Rehabilitation Center petitions for review of an order of the National Labor Relations Board granting the General Counsel's Motion for Summary Judgment and finding that Evergreen violated §§ 2(6)-(7), 8(a)(5), and (1) of the National Labor Relations Act. Evergreen refused to bargain with the Local 250, Health Care Workers Union, Service Employees International Union, because the collective bargaining unit included resident nurses that Evergreen maintained were "supervisors" as defined by 29 U.S.C. § 152(11) and thus should have been excluded. The NLRB cross-petitions for enforcement of its order requiring Evergreen to bargain with the union.

"Decisions of the NLRB will be upheld on appeal if its findings of fact are supported by substantial evidence and if the agency correctly applied the law." *NLRB v. Calkins,* 187 F.3d 1080, 1085 (9th Cir. 1999) (citations omitted). The burden of proving that an employee is a supervisor lies with the party asserting supervisory status. *NLRB v. Kentucky River Com-*

*munity Care, Inc.,* 532 U.S. 706, 712, 121 S.Ct. 1861, 149 L.Ed.2d 939 (2001).

This case is distinguishable from *Providence Alaska Medical Center v. NLRB,* 121 F.3d 548 (9th Cir.1997). That case involved nurses in a hospital where physicians are ordinarily present, while this one involves a nursing home ordinarily visited by physicians once a month. In that case, we found that the charge nurses were merely "one of the gang" with the other registered nurses on their shift, and that they were "only in charge when [the] supervisory nurse is absent." *Id.* at 553, 554 (citations and internal quotation marks omitted). In the case at bar, there is no one of higher authority than the charge nurses at the facility during two out of the three shifts of each day. The charge nurses direct certified nurse assistants who have substantially less training and authority than did the registered nurses who worked alongside the charge nurses in *Providence Alaska.*

The Board argues that the lengthy manuals provided at each nursing station so constrain the discretion of the charge nurses' decision-making that they cannot be said to be exercising independent judgment. The smidgen of excerpts of the manuals put into evidence does not show any routinization of the charge nurses' functions or deprivation of supervisory authority.

Substantial evidence does not support the Regional Director's determination that the charge nurses do not exercise independent judgment when they responsibly direct the certified nurse assistants. The charge nurses oversee the medical care of patients—they assess them on admission and participate in the creation of a care plan, and they then reassess each patient

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

daily and adjust the plan accordingly. There are few charge nurses, and much that they decide ought to be done actually gets done by others, such as certified nurse assistants, at the charge nurses' direction and under their supervision. They instruct and discipline the certified nurse assistants if something is not being done properly. That these decisions rely on the charge nurses' professional training and experience does not mean that it is not also an exercise of independent judgment. *NLRB v. Kentucky River Community Care*, 532 U.S. 706, 714, 121 S.Ct. 1861, 149 L.Ed.2d 939 (2001).

The charge nurses, in the course of disciplining the certified nurse assistants, issue verbal corrections and may write them up for further discipline if an oral reprimand does not suffice. There is no evidence in the record that these disciplinary decisions are made by using anything except independent judgment. The charge nurses are themselves held accountable for the operations of the facility and the actions of the certified nurse assistants, which is to say, they "responsibly" supervise others. The Director of Nurses testified that a meeting was held with the charge nurses to remind them of their responsibility to ensure the certified nurse assistants acting under their supervision were properly distributing nourishments to their patients. The Regional Director did not address this testimony in his decision. There is substantial evidence in the record that the charge nurses exercise independent judgment and that they are "responsibly to direct" the other employees. There is not substantial evidence in the record to support the Regional Director's conclusion that the charge nurses are not "supervisors" as defined by 29 U.S.C. § 152(11).

Evergreen's petition for review is GRANTED and the NLRB's cross-petition for enforcement of its order is DENIED.

CANBY, Circuit Judge, dissenting.

The Regional Director properly applied the legal standard set forth by the Supreme Court in *NLRB v. Kentucky River Community Care, Inc.*, 532 U.S. 706, 121 S.Ct. 1861, 149 L.Ed.2d 939 (2001). There was evidence to support the view that the "charge nurses" were primarily involved in planning and administering medical care to the patients directly, and were involved only in sporadic and incidental ways in directing Certified Nurse Assistants who aided in some aspects of patient care. There was also evidence that discipline of the Assistants was determined and imposed by the Director of Nursing, not the charge nurses who sometimes recommended disciplinary action. Finally, the fact that the Director of Nursing was not present, but was "on call" during nights and weekends, does not make the charge nurses supervisors; instead it suggests that "the ultimate responsibility lies with the supervisory nurse, not the charge nurse." *Providence Alaska Medical Center v. NLRB*, 121 F.3d 548, 555 (9th Cir. 1997).

The burden of showing that the charge nurses were supervisors lay with the employer, Evergreen. *Kentucky River*, 532 U.S. at 711–12. The Regional Director's ruling that Evergreen had not carried that burden is a purely factual determination that was supported by substantial evidence. I would therefore deny Evergreen's petition and would order enforcement of the Board's order.